# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| **KENNETH J. HARRIS,** | : | |
| **Plaintiff,** | : | |
| v. | : | 7:08-CV-70 (HL) |
| **ROBERT DEWEY LAWSON and MADISON COUNTY SHERIFF'S OFFICE,** | : | |
| **Defendants.** | : | |

## ORDER

On May 28, 2008, Defendants Robert Dewey Lawson and Madison County Sheriff's Office filed a Notice of Removal of an action that Plaintiff Kenneth Harris brought against them in the Superior Court of Lowndes County, Georgia. Defendants contemporaneously filed Motions to Dismiss (Docs. 2 & 3) and a Motion to Transfer the Case (Doc. 4). Plaintiff's Responses to these Motions have not been filed, but deadline to do so has not yet expired.

Before the Court is a letter from counsel for Defendants, which states that Plaintiff and Defendants have consented to an attached proposed order transferring the case to the Northern District of Florida, dismissing claims against Defendants Lawson and the Madison County Sheriff's Office, and adding as the sole remaining Defendant Peter C. Bucher, the Sheriff of Madison County, Florida, in his official capacity. See Doc. 8. The Federal Rules of Civil procedure require that parties make

requests for court orders by submitting motions to the court, which these Parties have failed to do. Fed. R. Civ. P. 7(b). The Court therefore declines to adopt the proposed order.

Furthermore, litigants may not simply consent to a transfer of venue. The Court must first determine that it has subject matter jurisdiction and then it may transfer the case to another district either 28 U.S.C. § 1404(a) or § 1406(a). Section 1406(a) governs actions brought in an improper venue, and § 1404(a) governs actions brought in an inconvenient venue. <u>Roofing & Sheet Metal Svcs., Inc. v. La Quinta Motor Inns, Inc.</u>, 689 F.2d 982, 992 n.16 (11th Cir. 1982). The statutes provide for transfers under different circumstances and with different results. The proposed consent order that has been submitted indicates that the Parties have agreed that the only remaining Defendant should be Peter C. Bucher. There is currently no indication of Mr. Bucher's county of residence from which the Court could determine the appropriateness of a transfer of venue to the Northern District of Florida. Therefore, if the Parties choose to file a motion for transfer of venue, they are ordered to provide sufficient information from which the Court could make this determination.

**SO ORDERED**, this the 18th day of June, 2008.

*s/ Hugh Lawson*
**HUGH LAWSON, Judge**

tch