# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| **KENNETH J. HARRIS,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | 7:08-CV-70 (HL) |
| | : | |
| **ROBERT DEWEY LAWSON, PETER C. BUCHER, and MADISON COUNTY SHERIFF'S OFFICE,** | : | |
| | : | |
| **Defendants.** | : | |

## ORDER

## I.  INTRODUCTION

Plaintiff Kenneth Harris brought this case against Defendants Robert Dewey Lawson and Madison County Sheriff's Office in Superior Court of Lowndes County, Georgia, for injuries he received as a result of a car accident. Defendants removed the action to this Court, and contemporaneously filed Motions to Dismiss both parties (Docs. 2 & 3) and a Motion to Transfer the Case (Doc. 4). For the reasons set out below, the Motion to Dismiss Defendant Lawson is denied, the Motion to Dismiss Madison County Sheriff's Office is granted, and the Motion to Transfer is denied.

## II. PROCEDURAL HISTORY

On June 16, 2008, Defendants submitted a proposed order that dismissed the claims against both Defendants, added Peter C. Bucher, the Sheriff of Madison County, as the sole remaining defendant, and transferred the case to the Northern District of Florida. Plaintiff consented to this proposed order, however, the Court did not adopt it. As noted in the June 18, 2008 Order, the venue provisions of the United States Code only provide for transfer under certain circumstances. The Parties failed to provide a basis upon which this Court could transfer the case under either 28 U.S.C. § 1404(a) or § 1406(a); they were therefore directed to provide sufficient information from which the Court could determine whether transfer was appropriate under one of these provisions.

Defendants subsequently submitted an Unopposed Motion to Enter Consent Order (Doc. 11), which contained information relevant to the transfer of venue analysis and certified that Plaintiff's counsel did not oppose the relief requested. In this Motion, the Parties sought dismissal of the two named Defendants, addition of Sheriff Buescher as the sole remaining Defendant, and transfer of venue under § 1404(a) to the Northern District of Florida. Plaintiff, without explaining his apparent change of heart, filed Responses opposing the transfer of venue and dismissal of

either Defendant on the same day that Defendants filed their "unopposed" Motion.[1] Defendants' Reply to Plaintiff's Responses therefore withdrew the unopposed Motion. See Doc. 18 at 1. The remaining Motions (Doc. 2-4) are therefore disputed and the Court thus addresses each in turn.

## III. ANALYSIS

### A. Motions to Dismiss

#### 1. Standard

A court accepts all the factual allegations as true when ruling on a motion to dismiss for failure to state a claim upon which relief may be granted. Young Apts., Inc. v. Town of Jupiter, Fla., 529 F.3d 1027, 1037 (11th Cir. 2008). The complaint must contain some factual allegations in order to provide " 'fair notice' of the nature of the claim" and the " 'grounds' on which the claim rests." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 n.3 (2007) (quoting 5 Wright & Miller § 1202, at 94, 95). These allegations must raise the possibility of relief above a speculative level and provide grounds to infer the elements of the cause of action. See id. at 1965. The complaint need not demonstrate a probability that relief is available; it

---

[1]Defense counsel's certification that Plaintiff consented to the Motion on the same day that Plaintiff entered his opposition to the Motion is troubling. This appears to be the simple result of Plaintiff consenting to the requested relief and then later changing his position on the issue. If there was a misrepresentation of Plaintiff's consent, however, the Court expects Plaintiff's counsel to bring the matter to the Court's attention.

3

must simply allege "enough facts to suggest, raise a reasonable expectation of, and render plausible" the elements of the claim. Watts v. Fl. Int'l Univ., 495 F.3d 1289, 1296 (2007). The defendant bears the burden of showing that dismissal is appropriate. Beck v. Deloitte & Touche, Deloitte, Haskins & Seels, Ernest & Young, L.L.P., 144 F.3d 732, 735-35 (11th Cir. 1998).

### 2. Motion to Dismiss Madison County Sheriff's Office

In federal courts, the capacity of an entity to be sued is determined by the law of the state where the court is located. See Fed. R. Civ. P. 17(b). Courts have consistently–albeit summarily–concluded that sheriffs' departments in Georgia are not subject to suit. See, e.g., Lawal v. Fowler, 196 Fed. Appx. 765, 768 (11th Cir. 2006); Mills v. Anderson, 2007 WL 1052665, *2 (S.D. Ga. April 9, 2007); Nesbitt v. Chatham County Sheriff's Dept., 2006 WL 3248383, *2 (S.D. Ga. Nov. 6, 2006); see also Dean v. Barber, 951 F.2d 1210, 1214-15 (11th Cir. 1992) (stating in dicta that usually, sheriff's departments and police departments are not entities subject to suit). Georgia "recognizes only three types of legal entities: (1) natural persons; (2) artificial persons (corporations); and (3) such quasi-artificial persons as the law recognizes as being capable to sue." Ga. Insurers Insolvency Pool v. Elbert County, 368 S.E.2d 500, 502 (Ga. 1988). A county is designated under the law as "a body corporate," and as such it may sue and be sued. Lowndes County v. Dasher, 191 S.E.2d 82, 84 (Ga. 1972). In contrast, there is no such provision in the Georgia Consitution or Code that designates a sheriff's office as a legal entity. The sheriff

4

is a constitutionally created office elected by the voters. Ga. Const. Art. 9, § 1, ¶ III(a). He has the power to hire deputies, but those individuals work for the sheriff himself, not a "sheriff's office." See O.C.G.A. § 15-16-23; Keener v. Kimble, 317 S.E.2d 900, 902 (Ga. App. 1984). But see O.C.G.A. § 15-16-9 (setting requirements for physical location of a sheriff's office, but not making the office a legal entity).

Applying Georgia law to the question of whether a Florida sheriff's office is a suable entity, the Court finds that it is not. The sheriff's office is not incorporated, and it is not a "quasi-artificial person [that] the law recognizes as being capable to sue." Ga. Insurers Insolvency Pool, 368 S.E.2d at 502. In fact, the sheriff is a constitutionally created office under both Georgia and Florida law. West's F.S.A. Const. Art. 8 § 1; Ga. Const. Art. 9, § 1, ¶ III(a). Likewise, under Florida law a sheriff may appoint deputies, but they act for and in the name of the sheriff, not as an employee of a sheriff's department or office. West's F.S.A. § 30.07; Evans v. Hardcastle, 339 So.2d 1150, 1151 (Fla. App. 1976). Because a Georgia sheriff's office is not a suable enitity under Georgia law, and there is no meaningful distinction between the way Georgia and Florida laws treat sheriff's offices, the Court holds that a Florida sheriff's office is not a suable entity under Georgia law. See Baker v. City of Hollywood, 2008 U.S. Dist. LEXIS 49315, *52 (S.D. Fla. June 17, 2008) (holding sheriff's department not subject to suit under Florida law). Defendant's Motion to Dismiss the Madison County Sheriff's Office is therefore granted.

3. Motion to Dismiss Robert Dewey Lawson

Defendant Lawson argues that he should be dismissed because he is protected under Florida law from acts of negligence. Fla. Stat. § 768.28(9)(a). Dismissal of Lawson at this early stage of the litigation would, however, be inappropriate. Even assuming Florida's governmental immunity laws apply to this case, it is possible that Lawson could be personally liable for Plaintiff's injuries. Personal liability could attach if, for example, he was acting outside the scope of his employment at the time the crash occurred or if he acted in bad faith or with malicious purpose. See id. Defendant Lawson has therefore not met his burden to demonstrate that the claim against him should be dismissed, and his Motion (Doc. 2) is denied.

### B. Transfer of Venue

A district court may transfer venue under either 28 U.S.C. § 1404(a) or § 1406(a). Section 1404(a) governs actions brought in an inconvenient venue, and § 1406 governs actions brought in an improper venue. Therefore, to determine whether § 1404(a) or § 1406(a) applies, a threshold question is whether venue is proper in the district in which the action was filed; if it is proper, § 1404 applies. It is undisputed that the accident occurred within the Middle District of Georgia. Venue is therefore proper and § 1404 governs the transfer of venue in this case.

Section 1404(a) states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The party moving for change

of venue bears the burden of demonstrating why the forum should be changed. Time, Inc. v. Manning, 366 F.2d 690, 698 (5th Cir. 1966). In determining whether the proposed transferee forum serves the convenience of parties and witnesses and the interest of justice, federal courts typically consider several factors. The Eleventh Circuit has listed the following factors:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

Manuel v. Convergys Corp., 430 F.3d 1132, 1135 n.1 (11th Cir. 2005). This list is not exhaustive, however, and no single factor is dispositive; the court must therefore engage in a case-by-case analysis. Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29 (1988).

### 1. Location of Events and Convenience of the Witnesses

The Parties do not dispute that the operative facts–the car accident and the alleged negligence–occurred in Lowndes County, Georgia, in the Middle District of Georgia. In addition, most of the non-party witnesses–i.e., eye witnesses to the accident–would presumably reside in or near Lowndes County, Georgia, where the alleged negligence occurred. Although Sheriff Bucher and the driver of the car are in Florida, the weight given to the convenience of parties is less than that given to

7

non-party witnesses.[2]  Ramsey v. Fox News Network, LLC, 323 F.Supp.2d 1352, 1356 (N.D. Ga. 2004); 17 James Wm. Moore, et al., Moore's Federal Practice ¶ 111.13[1][f] (3d ed. 2008) (stating that the rationale for this distinction is the belief that most party witnesses would be willing to testify in either forum despite any inconvenience).

### 2. Plaintiff's Choice of Forum

Even if Defendants were able to establish the existence of inconvenience here, this factor alone would likely be outweighed by the deference given to the plaintiff's choice of forum.  Robinson v. Giamarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996) ("merely shift[ing] inconvenience from the defendants to the plaintiff" not sufficient reason to transfer forum in absence of other factors).  Generally, the plaintiff's choice of forum is given substantial deference.  Norwood v. Kirkpatrick, 349 U.S. 29, 35 ("[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed").  Of course, Plaintiff's choice of forum has already been compromised because the suit was initially filed in state court and Defendants removed it to federal court.  Nonetheless, Plaintiff chose to file his suit in Georgia, and denying the Motion to Transfer would preserve that aspect

---

[2] Furthermore, the Defendants have not stated any facts establishing that they would actually be inconvenienced by defending against the suit in the Middle District of Georgia. In fact, the Court takes judicial notice that Madison County, Florida, is physically closer to the Middle District Courthouse in Valdosta, Georgia than it is to the nearest federal court in the Northern District of Florida, which is in Tallahassee, Florida.

8

of his choice of forum.

### 3. Familiarity with the Governing Law

Finally, it is clear that the substantive law of Georgia governs. A federal court in a diversity case must apply the law, including the choice of law rules, of the state in which it sits. Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 496 (1941). However, if venue is transferred pursuant to § 1404, the transferee court generally must apply the same state law that the transferor court would have applied if the action had remained there. Van Dusen v. Barrack, 376 U.S. 612, 627 (1964). If the forum were transferred to Florida, the law of Georgia, including Georgia's choice of law rules, would apply. For tort claims, Georgia follows the doctrine of *lex loci delicti*, which provides that cases should be governed by the substantive law of the place where the tort took place, i.e., "where the injury was sustained." Kathleen M. Geiger, 1 Ga. Proc.: Court System & Types of Action § 6:17 (citing Int'l Bus. Mach. Corp. v. Kemp, 536 S.E.2d 303, 306 (Ga. App. 2000)). Here, the injury occurred in Georgia, so Georgia tort law will apply. This factor weighs against transferring venue because a Georgia federal court would be more familiar with Georgia tort law than a Florida federal court.

### 4. Florida's Home Venue Privilege

Defendants' sole argument for transfer is that under Florida common law governmental defendants have a "home rule privilege," which requires plaintiffs to bring suit in the governmental defendant's county of residence. Sch. Bd. of Osceola

Co. v. State Bd. of Educ., 903 So. 2d 963, 966 (Fla. Dist. Ct. App. 2005). In Stewart Organization, Inc. v. Ricoh Corp., the United States Supreme Court held that the Federal Rules govern the transfer of venue in diversity cases. 487 U.S. at 29. When deciding whether to transfer a case under § 1404, courts must consider the specific facts of the particular case. Stewart Org., Inc., 487 U.S. at 29. In Stewart, the Court held that a forum selection clause contained in a disputed contract is a relevant, but not dispositive, factor in the analysis. Id. In addition, where the state in which the district court sat did not honor forum selection clauses, that categorical rule was only one factor in a multi-faceted analysis and was also not dispositive. Id. at 31. The Court noted that focusing on a single state policy or venue rule would defeat Congress's command that multiple considerations govern transfer within the federal court system. Id. Following the Supreme Court's direction to consider all the specific facts of the case before it, this Court considers Florida's home rule privilege as simply one of many the relevant factors in the analysis under § 1404.

There are numerous reasons not to transfer venue in this case, as discussed above. Viewing the totality of the circumstances, Florida's home rule privilege simply does not outweigh the considerations of convenience and fairness. First, aside from the home venue privilege, every factor weighs against transfer. Second, the primary purpose of the common law home venue privilege in Florida is not–as defendants have characterized it–to preserve Florida's sovereign immunity. Instead, it is to further "the orderly and uniform handling of litigation against governmental

10

entities and to help minimize expenditures of public funds and manpower." Sch. Bd. of Osceola County, 903 So. 2d at 966. Defendants have presented no basis for the Court to conclude that litigation of these claims in a federal district court in Florida would promote these goals more effectively than a federal district court in Georgia. The Court therefore finds that transfer would be inappropriate under § 1404 and thus denies the Motion to Transfer.

## IV. CONCLUSION

For the reasons set forth above, the Motion to Dismiss Madison County Sheriff's Office is granted. Defendant's Motion to Transfer and Motion to Dismiss Defendant Lawson are denied.

**SO ORDERED**, this the 27th day of August, 2008.

*s/ Hugh Lawson*
**HUGH LAWSON, Judge**

tch